UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
DENIS NIKOLLA                                                  :
                                                               :
                               Petitioner,     :
                                                               :    MEMORANDUM & ORDER
       -against-                                              :
                                                               :    21-cv-373 (ENV)
UNITED STATES,                                                 :
                                                               :
                               Respondent.    :
                                                               :
-------------------------------------------------------------- x

VITALIANO, D.J.,

      Seeking review of the judgment of conviction this Court entered upon his guilty plea, petitioner Denis Nikolla filed for a writ of habeas corpus under 28 U.S.C. § 2255. By the instant application, he seeks appointment of counsel. *See* Dkt No. 322.

      Unlike a defendant in a criminal case, a habeas corpus petitioner has no constitutional right to counsel. *See Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (citing *United States* ex rel *Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960)). Rather, the habeas court has discretion to appoint counsel "[w]henever . . . the interests of justice so require." 18 U.S. C. § 3006A(a)(2). In exercising that discretion, the habeas court looks for guidance to the standard it would use for the appointment of counsel in other civil cases. *See Muja v. United States*, No. 10-CV-2770 (NGG), 2011 WL 1870290, at *1 & n.1 (E.D.N.Y. May 16, 2011) (properly applying the standard for civil cases under 28 U.S. C. § 1915). In applying that standard, the habeas court first considers whether the petitioner has met the "threshold showing of some

1

likelihood of merit." *Johnston v. Genessee Cnty. Sheriff Maha*, 606 F.3d 39, 41 (2d Cir. 2010); *see also Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (holding that "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor").

Taking his request for the appointment of counsel in conjunction with the docket in the underlying criminal case, Case No. 13-cr-00668-3, it is clear that Nikolla has not satisfied the threshold requirement of a meritorious case. The insurmountable obstacle facing his application is that petitioner seeks the appointment of counsel to, essentially, advance once again the very argument that the Second Circuit rejected on his direct appeal. On that appeal, the Second Circuit flatly held that Nikolla's predicate offense qualified "categorically as a 'crime of violence' under the Elements Clause of § 924(c)(3)." *United States v. Nikolla*, 950 F.3d 51, 54 (2d Cir.), *cert. denied*, 141 S. Ct. 634, 208 L. Ed. 2d 236 (2020).

Moreover, even if the meritorious argument threshold requirement were met, Nikolla's submissions reflect that, at this juncture, he can adequately prosecute his claims *pro se*. *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (holding that where a petitioner appears to satisfy the threshold, a habeas court should consider "the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.").

Here, Nikolla has a blueprint for his legal arguments since they are grounded in the same he has already made with the assistance of appellate counsel. While petitioner notes that he does not have access to the law library at the facility where he is incarcerated due to the COVID-19 pandemic, his direct appeal briefing should help guide his legal arguments. Furthermore, because the legal argument he wants to advance is foreclosed, there is no longer any indication that this matter involves any particularly complex or novel legal issues. Finally, given that current precedent on this point is clearly adverse, any concern about ultimate determination of this issue being more just or fair is academic. In short, the interests of justice do not now require the appointment of counsel to represent petitioner in this proceeding.

## Conclusion

In line with the foregoing, petitioner's request for the appointment of counsel to represent him in this proceeding is denied without prejudice to its renewal should changed circumstances warrant it.

The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

So Ordered.

Dated: Brooklyn, New York
      August 25, 2021

/s/ ENV
ERIC N. VITALIANO
United States District Judge

4